### In re Nomination Petition for Paul DENICK, Candidate For District Justice.

### Paul Denick, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 21, 1999.

Decided April 26, 1999.

Brian E. Appel, Bensalem, for appellant.

Steven T. O'Neill, Norristown, for appellee.

Before COLINS, President Judge, DOYLE, J., and FRIEDMAN, J.

---

COLINS, President Judge.

This is the appeal of Paul Denick (Denick) from the order of the Court of Common Pleas of Montgomery County (Court of Common Pleas) striking his name from the primary election ballot of the Democratic Party as a candidate for District Justice of Electoral District 38–1–25 (district). We affirm.

Denick filed a Nomination Petition (Petition) on March 8, 1999 with the Montgomery County Board of Elections seeking to have his name placed on the Democratic Party primary ballot as a candidate for District Justice in the district. Three qualified electors, including the incumbent District Justice (Objectors), objected to Denick's Petition. These Objectors premised their challenge to Denick's Petition essentially on two grounds. First, the Objectors contended that Denick's Petition was in violation of the Pennsylvania Election Code (Code)[1] because Denick, as an elected member of the Democratic Committee of Bridgeport Borough, could not be a candidate for District Justice. Second, the Objectors argued that numerous signatures on Denick's Petition were invalid, and as a result, he did not have the requisite number of signatures to support his Petition.

The Court of Common Pleas struck Denick's name from the Democratic Primary ballot. The court held that Denick's name could not be placed on the Democratic primary ballot for the office of District Justice because he held a political office at the time he became a candidate for District Justice. In addition, the Court invalidated 12 signatures on Denick's Petition, thus, leaving him with only 98 of the required 100 nomination signatures to support his Petition. *See* Section 912.1(32) of

1. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3591.

2. Added by Section 2 of the Act of Dec. 12, 1984, P.L. 968.

3. Our scope of review in a challenge to a candidate's nomination petition is limited to

the Code, 25 P.S. § 2872.1(32)[2] (concerning number of signatures required for nomination petition at primaries).

■ Denick now appeals to this Court arguing that the Court of Common Pleas erred in striking his name from the primary ballot.[3] Denick first challenges the Court of Common Pleas' finding that his name could not be placed on the primary ballot because "he was in a political office at the time he was a candidate." In addition, Denick contends that the Court of Common Pleas erred with respect to 10 of the 12 signatures it invalidated.

Denick contests the Court of Common Pleas' finding that his name had to be stricken from the primary ballot because he held an office in the Democratic Party at the time he filed his Petition. Denick does not dispute that he was a Democratic Committeeperson on the date he filed his Petition; however, Denick contends that the Court of Common Pleas did not have jurisdiction to address his status as party officeholder as a disqualification to assuming the position of District Justice. In essence, Denick asserts that objections brought pursuant to Section 997 of the Code, 25 P.S. § 2937, are limited to challenging the sufficiency of the nomination petition and cannot be directed at the candidate's qualifications for the office. In the present case, we must disagree.

■ Pursuant to Section 977 of the Code, 25 P.S. § 2937, the Court of Common Pleas has jurisdiction to hear objections made to the sufficiency, propriety and completeness of nomination petitions. Section 977 provides that the court must strike a candidate's name from the ballot if:

> an examination of the record to determine whether the trial court committed errors of law and whether the court's findings were supported by adequate evidence. *In re Petition to Contest the Primary Election of May 19, 1998*, 721 A.2d 1156 (Pa.Cmwlth.1998).

the court shall find that said nomination petition or paper is defective under the provisions of section 976 or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, *or was not filed by persons entitled to file the same,* or if any accompanying or appended affidavit contains a material defect or error....

25 P.S. § 2937 (emphasis added). Therefore, a candidate's name can be stricken from the ballot if the candidate is not entitled to file a nomination petition, i.e., is precluded from being a candidate.

Moreover, the Pennsylvania Rules for District Justices clearly prohibit a **candidate** for the office of District Justice from holding an office in a political party. The rules governing the standards of conduct of District Justices state that "[a] district justice *or a candidate* for such office shall not: hold office in a political party or political organization or publicly endorse candidates for political office." Pa. R.D.J. No. 15 B(1).

█ Denick became a candidate for the office of District Justice at the very least at the time he filed his Petition with the Montgomery County Board of Elections. *McMenamin v. Tartaglione,* 139 Pa. Cmwlth. 269, 590 A.2d 802, 810, affirmed, 527 Pa. 286, 590 A.2d 753 (1991). Since he held an office with the Democratic Party at this point, he was not entitled to file a nominating petition for the office of District Justice, as per the rules governing candidates for the office of District Justice. Thus, the Court of Common Pleas acted in accordance with the Code in striking Denick's name from the primary ballot.[4]

Accordingly, the decision of the Court of Common Pleas is hereby affirmed.

**4.** Since Denick was precluded from filing his Petition, we need not address the validity of the contested signatures.

**1.** Section 1621 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* added by section 2 of the Act of October 4, 1978, P.L. 893, 25 P.L. § 3241 (emphasis added),

## ORDER

AND NOW, this 26th day of April, 1999, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.

FRIEDMAN, Judge, concurring.

I concur rather than join in the majority opinion because I believe that a person becomes a candidate at the moment that person circulates a petition for nomination to a particular office.[1]

defines the word "candidate" as "any individual who *seeks nomination* or election to public office, other than a judge of elections or inspector of elections, *whether or not such individual is nominated* or elected." *See also* 25 P.S. §§ 2861–2960.