Amos BLANK, Appellant

v.

**BERKS COUNTY BOARD OF ELECTIONS**

In Re: Nomination Petition of John R. Chernesky.

Amos Blank, Appellant

v.

Berks County Board of Elections

In Re: Nomination Petition of Timothy Bitler, a/k/a Tim Bitler.

Thomas Herman, Appellant

v.

Berks County Board of Elections.

In Re: Nomination Petition of Timothy Bitler, a/k/a Tim Bitler.

Commonwealth Court of Pennsylvania.

Argued April 7, 2005.

Decided April 15, 2005.

Ordered Published April 25, 2005.

---

**818**

Charles M. Watkins, Reading, for appellants, Amos Blank and Thomas Berman.

David S. Sobotka, Reading, for appellee, Timothy Bitler.

BEFORE: COHN JUBELIRER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

These consolidated cases involve appeals from the orders of the Court of Common Pleas of Berks County (trial court), requiring the names of John R. Chernesky and Timothy Bitler (collectively, Candidates) be placed on the ballot for the office of Magisterial District Judge of Magisterial District 23-3-01. Appellants Amos Blank and Tom Herman (Objectors) argue Candidates were not entitled to file nomination petitions. Because we agree with the trial court candidates for magisterial district judge may hold other elected offices, we affirm.

Candidates both filed nomination petitions for the office of Magisterial District Judge of Magisterial District 23-3-01. Objectors filed timely petitions to set aside the nomination petitions of both Candidates.[1] Objectors asserted Candidates were not entitled to file nomination petitions under Section 977 of the Pennsylvania Election Code.[2] Relevant to this appeal, Objectors asserted Candidate Chernesky was ineligible to file a nomination petition because he is the elected Tax Collector for Robeson Township, while Candidate Bitler was ineligible because he is an elected member of the Robeson Township Board of Supervisors.

■ The trial court concluded Candidates were eligible to file nomination petitions. The trial court dismissed the objections to the nomination petitions and ordered Candidates' names placed on the ballot. This appeal followed.[3]

On appeal, Objectors argue the trial court erred in ordering Candidates' names placed on the ballot because: 1) holding other elected office amounts to "partisan political activity," in which candidates for the office are prohibited from participating; and, 2) the trial court's order allows inconsistent results, in that Candidates will be able to participate in partisan political activity while other candidates for the same office will be unable to do so. Candidates argue the trial court did not err. Candidate Bitler seeks attorneys' fees and

---

1. Although Objector Blank filed petitions to set aside as to both Candidates, Objector Herman only filed a petition to set aside as to Candidate Bitler.

2. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2937.

3. Our review of a challenge to a candidate's nomination petition is limited to whether the trial court committed an error of law and whether the trial court's findings are supported by adequate evidence. *In re Nomination Petition for Paul Denick*, 729 A.2d 168 (Pa.Cmwlth.1999).

costs because he feels Objectors' appeals were frivolous.[4]

■ Objectors first assert Candidates were ineligible to file their nomination petitions under Section 977 of the Election Code, 25 P.S. § 2937, which requires a court to set aside a nomination petition if it was, "not filed by persons entitled to file" it. Objectors argue Candidates were ineligible to file their petitions because they held other elected offices at the time they filed the petitions. Objectors argue holding other elected office violates Pa. R.M.D.J. No. 15(B)(2), which states, "A magisterial district judge or a candidate for such office shall not: ... (2) engage in partisan political activity...."[5] Objectors assert holding elected office amounts to engaging in partisan political activity.

In support of this argument, Objectors rely on *In re Marjorie Dobson*, 517 Pa. 19, 534 A.2d 460 (1987). Objectors argue *Dobson* stands for the broad proposition that holding office amounts to partisan political activity.

In *Dobson*, our Supreme Court analyzed guidelines it issued to court-appointed employees regarding partisan political activity. Dobson was an elected tax collector who, during her elected term, became a staff member to a common pleas judge. After her appointment to the court staff position she sought leave to complete the remainder of her elected term without resigning her position with the court, arguing the Supreme Court's guidelines only prohibited running for office, not holding office. The Supreme Court found the prohibition contained in its guidelines encompassed not only *running* for public office but also *holding* public office.

The trial court here concluded *Dobson* was distinguishable, as Candidates, "[are] not [ ] court appointed employee[s] subject to regulation by the Supreme Court." We agree with that analysis. In *Dobson*, the Supreme Court was faced with interpreting guidelines it issued for court-appointed employees. *Dobson* only discussed those people who were currently employed by the judiciary, which Candidates are not.

This conclusion is reinforced by the plain language of the applicable rules. The rules governing standards of conduct for magisterial district judges explicitly distinguish between current office holders and candidates. Thus, Pa. R.M.D.J. No. 15(A), states, with emphasis added, "A *magisterial district judge* shall not hold another office or position of profit in the government of the United States, the Commonwealth or any political subdivision thereof, except in the armed services of the United States or the Commonwealth." In contrast, Rule 15(B) prohibits partisan political activity by "A magisterial district judge *or a candidate* for such office" (emphasis added).

Thus, applicable rules clearly state which apply to sitting magisterial district judges only and which rules also apply to candidates for the office. The prohibition against holding office found in Rule 15(A) by its plain language applies only to office holders, not to candidates. If the prohibition was meant to also apply to candidates, the rule would state so, as does Rule 15(B).

We reach the same conclusion by resort to rules of construction. Among such rules, we should attempt to give effect to all provisions, *see* 1 Pa.C.S. § 1921(a), and we may consider the consequences of a proposed interpretation. *See* 1 Pa.C.S. § 1921(c)(6).

**4.** Candidate Chernesky did not file a brief to this Court.

**5.** Although Objectors made additional arguments to the trial court, they appear to have abandoned those arguments on appeal.

With Objector's proposed interpretation, Rule 15(A) would be rendered mere surplusage, contrary to the rules of construction. This is because the prohibition against holding public office in Rule 15(A) would be included in the rule against partisan political activity found in 15(B). Moreover, Objector's proposed interpretation would lead to the absurd consequence that candidates for the minor judiciary are subject to greater restriction that those for courts of general jurisdiction. In this regard, we note no prohibition on elected office holders becoming candidates for judge, and we take judicial notice that it frequently occurs. *See* Code of Judicial Conduct, Canon 7.

Finally, Objectors contend holding public office is clearly political in nature, as holding office gives Candidates a forum for making their views known.[6] However, this argument ignores the plain language of Rule 15(A), prohibiting holding office to sitting magisterial district judges only.

Accordingly, we agree with the trial court's assessment Candidates were entitled to file their nomination petitions while holding other elected office. Of course, as the trial court aptly noted, if Candidates prevail, they would be required by Rule 15(A) to resign their other elected positions. The trial court did not err in ordering Candidates' names be placed on the ballot.[7]

■ However, we conclude Candidate Bitler is not entitled to attorneys' fees and costs. Candidate Bitler asserts he is entitled to those fees and costs under Pa. R.A.P. 2744, which permits us to award them if we determine "an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Candidate Bitler argues Objectors had no legal or factual basis on which to take this appeal and, thus, the appeal was frivolous. Candidate Bitler also argues the appeal was taken as part of a "continuing pattern of inappropriate conduct by [Objectors] in using the legal system for political advantage."

We disagree. No court of this Commonwealth previously ruled on the specific legal issue at hand. Moreover, while we conclude *Dobson* is distinguishable, Objectors' reliance on its holding was not so unreasonable as to render this appeal frivolous. Accordingly, we deny attorneys' fees and costs for Candidate Bitler.

### ORDER

AND NOW, this 15th day of April, 2005, Timothy Bitler's request for attorneys' fees and costs is **DENIED** and **DISMISSED.**

By order dated April 8, 2005, we previously disposed of the issues raised before the trial court.

---

6. At oral argument, counsel for Objectors conceded this was a more difficult argument to make with respect to Candidate Chernesky, whose position as tax collector does not necessarily involve any public debate. However, Objectors argue Candidate Bitler, in his position as a member of the Board of Supervisors, will be involved in partisan debate and voting that will make his political leanings known to anyone attending the public meetings.

7. Because of our disposition of this issue, we need not address Objectors' argument the trial court's order leads to inconsistent results because Candidates are allowed to participate in partisan political activity while other candidates for magisterial district judge are not. This argument presumes Candidates' holding office amounts to partisan political activity, which we hold, in these circumstances, it does not.